**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ONEWEST BANK, FSB,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:12-cv-499-Orl-28KRS**

**RAJESH KANDHAI and NATEZA DARSAN,**

        **Defendants.**
_____

# ORDER

This cause is before the Court on the Emergency Motion to Vacate Sale and Vacate the Transfer of Title and Order a Stay Until Case is Remanded to State Court (Doc. 6).

On April 2, 2012, Defendants removed this case from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. (Notice of Removal, Doc. 1). Review of the state court documents reflects that this case is a mortgage foreclosure action that was filed by Plaintiff, Onewest Bank, FSB. The case has proceeded to a Final Judgment of Foreclosure and a foreclosure sale took place on April 4, 2012. (Assignment of Bid, Ex. E to Doc. 6).

Defendants, who are appearing pro se, state as the basis for removal: "The Plaintiff has caused bank fraud, the Plaintiff and or Servicer and or Investor(s) holding the mortgage note have caused assignment fraud, forged documents, improper securitization, bifurcation, unlawful ownership, caused either purposely or by error or both multiple violations of Federal Consumer Protection laws including the Truth In Lending Act, Real Estate Securities

Protection Act, etc." (Notice of Removal, Doc. 1, at 2). In their motion, Defendants assert that a timely objection was filed to the foreclosure sale in state court and therefore the sale and transfer of title were invalid. (Defs.' Mot. to Vacate, Doc. 6, ¶ 4). Defendants filed two similar motions to vacate the sale and "objection[s] for the clerk not to transfer title," in state court; both of these motions were filed after Defendants filed their notice of removal. (Exs. B & C to Doc. 6; Doc. 6 ¶¶ 6-7). Both motions were denied by the state court judge. (Doc. 6 ¶¶ 6-7). Subsequently, on April 25, 2012, Defendants filed a Notice of Appeal with the Florida Fifth District Court of Appeal.

It thus appears that Defendants are either seeking for this Court to review a judgment of a Florida state court, to interfere with ongoing state court proceedings, or both. In these circumstances, under the Rooker/Feldman[1] doctrine and the principles espoused in Younger v. Harris, 401 U.S. 37 (1971), and its progeny, this Court either lacks jurisdiction or must abstain from exercising jurisdiction.

To the extent Defendants are seeking for this Court to review or interfere with a state court judgment, this Court lacks subject matter jurisdiction over this case and it must be remanded under Rooker/Feldman. See, e.g., Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160 (8th Cir. 1996); Thompson v. Ameriquest Mortg. Co., No. 03 C 3256, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) ("In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury—foreclosure on her home. . . . Plaintiff's complaint asks us to draw a different conclusion than that reached by the

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

[state] Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker-Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").

Moreover, insofar as Defendants seek for this Court to interfere with ongoing state court proceedings, this Court must abstain from exercising jurisdiction. In Younger, the Supreme Court set forth a "'strong federal policy against federal-court interference with pending state judicial proceedings.'" Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (quoting H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000)). Where there are ongoing state proceedings that "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims," abstention is required under Younger. Id. These elements are satisfied here, and accordingly this case shall be remanded. Id.; see also Fisher v. Fed. Nat'l Mortg. Ass'n, 360 F. Supp. 207 (D. Md. 1973).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is hereby **REMANDED** to the Circuit Court, Ninth Judicial Circuit, in and for Osceola County, Florida, Case No. 2010-CA-002454-MF, *Onewest Bank, FSB, v. Rajesh Kandhai, et al.*

2. Defendants' Emergency Motion to Vacate Sale and Vacate the Transfer of Title and Order a Stay Until Case is Remanded to State Court (Doc. 6) **DENIED as moot.**

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 14th day of May, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party